IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ALIKA SEAY, | : | |
| Plaintiff, | : : : | |
| v. | : : | CASE NO.: 7:24-CV-33 (WLS) |
| UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, | : : : | |
| Defendant. | : : : | |

**ORDER**

Before the Court is Plaintiff's "Motion for Advancement" (Doc. 7), filed on August 6, 2024. Therein, Plaintiff asks the Court to reconsider the facts of her case. For the reasons stated below, Plaintiff's Motion (Doc. 7) is **DENIED**.

## I. PROCEDURAL HISTORY

On April 17, 2024, Plaintiff Alika Seay ("Plaintiff"), proceeding *pro se*, filed a Complaint (Doc. 1) against the United States Department of Veteran Affairs ("Defendant"). No further action was taken after the filing of the Complaint, at which time the Court issued an Order (Doc. 2), on May 1, 2024, informing and instructing Plaintiff to properly serve Defendant in accordance with the Federal Rules of Civil Procedure. The Court also notified Plaintiff that a failure to properly serve Defendant by July 16, 2024, might result in the case being dismissed without prejudice and without further warning or proceedings.[1] (Doc. 2). Thereafter, on June 10, 2024, the Clerk issued a summons for Defendant. (Doc. 3).

On July 15, 2024, Plaintiff filed an Application to Clerk for Entry of Default against Defendant. (Doc. 4). The Clerk declined Plaintiff's request for an entry of default because the Clerk found that proper service had not been perfected in accordance with Rule 4(i). (*See* Unnumbered Docket Entry dated July 15, 2024). Thereafter, the Court entered an Order (Doc. 5) dismissing Plaintiff's Complaint without prejudice for failure to serve Defendant, finding

---

[1] The Docket in this case reflects that a Rule 4 package was mailed to Plaintiff on May 2, 2024.

that Plaintiff failed to comply with Rule 4(m) and the Court's prior Order (Doc. 2). A Judgment (Doc. 6) of dismissal was entered the same day.

## II. LAW AND ANALYSIS

As noted, Plaintiff filed the instant Motion (Doc. 7) on August 6, 2024, after a judgment was entered and the case was dismissed without prejudice. In the Motion, Plaintiff discusses the circumstances surrounding dismissal of her case. As such, the Court construes Plaintiff's Motion as a motion for reconsideration.

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

Federal Rule of Civil Procedure 4 contains the requirements for serving a summons upon a defendant. Rule 4(i) provides the procedure for service on the United States and its agencies, while Rule 4(m) instructs that service must be made "within 90 days after the complaint is filed[.]" Further, Rule 4(l) provides that "unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit." Fed. R. Civ. P. 4(l)(1). And although courts construe *pro se* pleadings liberally, "*pro se* litigants must still comply with applicable procedural rules." *Ryzhov v. Florida*, 861 F. App'x 301, 303 (11th Cir. 2021).

Here, Plaintiff asserts in the instant motion that Defendant was "notified of this case" multiple times within the last year and that Defendant "failed to acknowledge or respond[.]" (Doc. 7 at 1). Plaintiff also notes that she asked for and was provided with the "address and agency" to which her "completed forms" should be sent. (*Id.*) Such statements do not comply with required proof of service. As the Court noted previously, however, Plaintiff did not

provide the Court with any explanation or indication that service of process had been properly executed upon Defendant. (*See* Doc. 5 at 1–2). Plaintiff failed to complete service on Defendant and file proof of the same with the Court by July 16, 2024, despite the Court's instruction to do so. *See Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 857 (11th Cir. 2012) (holding that the district court did not abuse its discretion by dismissing the *pro se* plaintiff's complaint for failure to comply with the court's instructions for filing a properly pleaded complaint). Nor did Plaintiff ask the Court for an extension of time to complete service. *See Ryzhov*, F. App'x at 304 (holding that a *pro se* plaintiff's status and misunderstanding of procedural rules are insufficient to establish good cause for an extension of time to complete service). Accordingly, the Court finds no clear error of law in the dismissal of Plaintiff's Complaint. Plaintiff's motion for reconsideration of the Court's dismissal of her case without prejudice is therefore **DENIED**.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's "Motion for Advancement" (Doc. 7) is **DENIED**. The case remains dismissed without prejudice.

**SO ORDERED**, this 7th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**